Bernetta Willis
v
United States. Part One Response to The Judge Order

Case # 2:19cv-651
MHT-CSC

RECEIVED
2019 NOV 14 A 10:45
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

Bernetta Lashay Willis Petitioner Never received A response from the U.S. Attorney Office. So To Be Clear To the Court Petitioner is Responding to the Judge Order Document #13 Date file 11-06-2019 By Judge Charles S Coody giving the petitioner until 12-2-19 to respond.

So, if the two arguements in this order from the Government.

(1) Government argues that petitioner is entitled to no relief on her motion, because the predicate crime of violence under Count 28 is a crime of violence under element Clause 924(c)(3)(A)

(2) The Government Argues Petitioner doesn't Show that her Conviction under Count 28 resulted Soley from 924(c)'s residual

Petitioner is Ready to proceed Immediately with her response In Jesus name, in this honorable Court infront Of Honorable Judge Myron H. Thompson.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BERNETTA LASHAY WILLIS, )
)
Petitioner, )
)
v. ) Civil Action No.
) 2:19cv651-MHT
UNITED STATES OF AMERICA, )
)
Respondent. )

In the name of Jesus
This case for Bernetta Lashay
Willis v. United States of America
Has been Granted
In favor of petitioner
Bernetta Lashay Willis
Will Go Free from
captivity November
2019 Praise God
Hallelujah I Am
Free 66

## ORDER

The Government has filed a response (Doc. # 12) addressing Petitioner's § 2255 motion challenging her conviction under Count 28 of the indictment, for brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), based on the Supreme Court's recent holding in *United States v. Davis*, 139 S.Ct. 2319 (2019). The Government argues that Petitioner is entitled to no relief on her motion, because the predicate crime of violence for Petitioner's conviction under Count 28, threatening a witness in an official proceeding in violation of 18 U.S.C. § 1512(a)(2)(A), plainly requires the use, attempted use, or threat of physical force and thus is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). And the Government argues that Petitioner does not attempt to show that her conviction under Count 28 resulted solely from § 924(c)'s residual clause, nor can she.

Accordingly, it is

ORDERED that on or before **December 2, 2019**, Petitioner may file a reply to the Government's response to her § 2255 motion.

DONE this 6th day of November, 2019.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

2

Accordingly, it is

ORDERED that on or before **December 2, 2019**, Petitioner may file a reply to the Government's response to her § 2255 motion.

DONE this 6th day of November, 2019.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

In The District Court Of The United States For The Middle District Of Alabama Northern Division.

Bernetta Lashay Willis
    Petitioner,

v.                                     Civil Action No.
                                       2:19 cv 651-MHT

United States of America
    Respondent.

## Responding to Order On Government's Response

Comes now Petitioner Pro Se and Shall Not be "HELD" At Legal Counsel Standard. Also Petitioner suffers from mental illness. Petitioner want to first argue the 11th Circuit Court Of Appeals already stated on 8-29-19 that petitioner has shown prima facie that Count 28 may be unconstitutional See pg 2 of 5 and 3-5 Case # 19-13144

See → Exhibit 1-5.

Also 11th Circuit States → there is no precedent from Supreme Court or this Court addressing whether threating a witness in an official proceeding ~~also~~ otherwise qualifies as a crime of violence under 924(C)(3)(A) Element Clause.

In The light Of Davis v United States, 2019 WL 2570.6, The Court determined that 924(c) both elements and a residual clause. The element Clause defines an Offense as A Crime Of violence if it has of "physical Force" against" person or property of another. Whereas the residual Clause of an Offense as A Crime of violence if it by it's nature "involves" a Substantial Risk the physical force against the person or property of another—may be used in the Course of Committing the offense.

Davis along with Simm, Session v Dismaya requires the Court to use the "Ordinary Case approach." The Court Should NOT Look at the facts of the actual Crime; instead the Court uses the Statuary definition to "imagine" an ordinary case to determine the nature of the offense and then Consider whether this imagined Case requires a Substantial risk of force (Dimaya)

In the light Of Davis v. United States, 2019 the Supreme Court ruled that the residual Clause of 18 USC 924(C) is Unconstitutionally Vague. Davis created a new rule of Constitutional law, made retroactive. IN

Davis, the defendant's convictions and sentencing for knowingly using, carrying or brandishing a firearm during a crime or in relation to a crime of violence.

I use "elements" here to describe the set of facts and circumstances the government must prove to obtain a conviction. I recognize that the Supreme Court has characterized § 924(c) as having only two elements, see, e.g. Smith v. United States, 508 U.S. 223, 228 (1993) (first, the prosecution must demonstrate that the defendant "used" or "carried" a firearm. Second it must prove that the use or carrying was during and in relation to a "crime of violence or drug trafficking crime" (quoting 924(c))) But it is beyond broken down, 924(c) requires the government to prove five thing (Separate facts): the defendant (1) knowing (2) use or carrying of a firearm, (3) during, (4) and in relation to (5) A crime of violence or drug trafficking crime see id a 238 (explaing that the government must prove both that the firearm was knowingly used or carried "during" and in relation to "the predicate offense: 11th Cir. Pattern Jury Instructions 35.2 (18 U.S.C. § 924(c)(1)A. Let's Address Willis Count 30, This burden of proof was NEVER shown. Ms. Willis never trafficking or distribute

(9)

or Carried a firearm "KNOWINGLY" in relation or during a crime of violence. During the Search Warrant of Willis Resident, The Agent was not looking for drugs Period, See the Search Warrant. It is Clear Willis was not under Survellance for any kind of drug Selling distributing or trafficking At All. Also Willis was not present in the home at the time of Search. Also the drugs and guns that was found during the Search was DNA tested for Willis finger prints and Came back Negative for Willis Prints. This Honorable Court need to take a Close look at Willis bogus 924(c) Charges Count 28 & 30.

*Please see search warrant 1-27-06*

In Count 28 → The Goverment Claiming Willis fail Show that her Conviction under Count 28 resulted Soley from 924(c)'s residual Clause nor Can She.

The Fourth Circuit recently vacated a 924(c) Conviction as unconstitutional. The Court analyzed Whether Kidnapping was a Crime of Violence under 924(c)(3)(A) United States V. Walker, No 15-4301 Fourth Circuit. The Court Examined whether the district Court Committed plain error in finding Walker

guilty under the residual clause. The Court sought to "look" to whether the statutory elements of the offense necessarily require the use, attempted use the Catergorical approach, meaning that the Court look "only at the elements" of the crime and not at the particular facts in the case. Futher "When a Statue defines an offense in a way that allows for both violent and non violent means of commission, that offense is not ~~---~~ "Categorically" a crime of violence under the force clause.

Davis narrowed the scope of 924(c) by interpreting the term "crime of violence" Davis did three things) (1) it affirmed the categorical approach to judging whether a prior conviction was a crime of violence, rejecting several circuits' claim that in a 924(c) review, the Court should look at a defendant's actual conduct; (2) ~~it~~ effectively ruled that conspiracies to committ crimes of violence are not crimes of violence; and (3) it ruled that the 924(c) residual like the ACCA and 18 USC 16(b) residual was unconstitionally vague.

Johnson and Dimaya which again, as

(10) relevant here, makes it federal offense to use, carry, or possess a firearm in connection with a "Crime of violence" — which again, as relevant here, means a felony offense that "by its nature, involves a Substantial risk that physical force may be used in committing the crime/offense" 18 USC 924(c)(3)(B)

Section 924(c)(3)'s residual clause is identical — in every jot and title — to 8 16's which the Supreme Court Struck down in Dimaya. As noted the panel first emphasized that 924(c)(3)'s residual clause refers not to the risk of "physical injury" but to the risk of "physical force" which it said more definite." 801 F.3d at 1263. 16(b) (defining Crime of violence") to mean an "offense that is a felony and that, by it's nature, involves Substantial risk of physical force.

Whenever the "least of act criminalized" by a statue does not rise to meet the Supreme Court's requirement of "violent" force — i.e force capable of causing physical pain or injury to another person," that statue "CANNOT" Qualify as a crime of violence." U.S. Johnson, 599 at 134 (2015)

The elements of Willis Case Count 2 threating a witness in a official proceeding in violation of 18 U.S.C 1512(a)(2)A. No one was physical or mentally hurt harm bodily harm, no person or property, causing physical pain



nor was there any property damage. It states that Congress may in the future choose to define "Crimes of violence" as those offense carrying certain minimum penalties.

Willis did not Committ A crime of violence for (1) In the United States "Period." There's no where stated Tampering/Threating a government witness in official proceeding is violent. Also Willis never threating no witness, how could she threating a witness that was "the one" charge with a crime "not Willis." To shed light at the time Valerie Howard reported her false claim Willis threating to blow her head off if she testify on her. Now Willis need this Honorable Court and U.S. Government to look closely into this, since her former Judge Fuller or U.S. Attorney Snyder is no longer. Just take a look at this charge the date Ms. Howard reported Willis threated her, like her January 23rd 2006, Okay Willis was not even charged with a charge at all to even make a threating statement to Howard. Howard was with charge not Willis. The fema agent acted off Howard Hearsay, when there was nothing to "make" Willis threating Howard. Then it states in indictement Willis point the gun at Howard then it says Willis brandished it. Willis never point or brandished

no gun. And was never caught with a gun in my possession nor was there any 911 calls made on Willis to collaborate Howard's hearsay. Now No jury would have found Willis guilty on the charges, if that false Stipulation wasn't entered during the middle of Willis trial, because the jury sent a note saying are they going to hear evidence in the case because all they had heard was hearsay. Then the Stipulation that Willis never agreed to.

With all due respect Willis have took the time over all the years spent incarcerated to redeem herself, better herself in all areas Willis seeked education, mental health and Spiritual healing. Willis has so many certificates from completing programs to help better herself. Willis mentors to others daily and give her testimony, Spiritual group of prayer, praising & worshipping and encouraging others to have faith. Also Willis is a Role Model to others. Willis also regret alot that led to her incarceration, whether she was guilty or not guilty, all the years being separated from her children and their hardship and going through what Willis went through. Plus Willis health has failed. Willis is asking this Court and US Government to show mercy being that she

Was first time offender, With Corrupt Judge Mark E Fuller, Lawyer Valerie Smedley, She didn't get a fair chance and never understood the law how it would work and led her up to the Cruel harsh DE Facto Life Sentenced of 516 mos 43 Years, that Stemmed from Fema Fraud. Willis is pleading with this honorable Court to at least get "Rid" of her 924 C Stacking Charges due to She is a first time offender and the fact it has now been Elimanated in FSA 2018. Willis is requesting this honorable Court Judge Myron H Thompson to Elimanate her Stacking Consecutive Mandatory 924(C) charges, if not Vacate Under Davis.

Willis has Shown prima facie and that in the 924(c)(3)(A) element Clause She does not meet the Criteria for "Use" attempted use" or "threatened physical force" against person or property of Ms. Howard, Ms. Howard didn't state Ms. Willis hit her with the gun or fired discharged it at her, or having to go to the hospital or mental health to seek any kind of treatment after care, that's needed after a real Crime of violence. The elements Clause Shows Clearly Threating A witness with no threat of physical force

is a Crime Of Violence See Davis V. United States 2019 WL-25706

Whereas the residual Clause of offense as A Crime of violence → if by its nature involves a Substantial risk the physical force against the person or property of another, May be used in Committing the offense.

Willis also does not fit the criteria of this residual clause "by it's nature" no one was was at Substantial risk and physically forced no person or property by Willis Causing An Offense Of Crime of violence EVER!

Willis Sentence and Conviction for Count 28 and Count 30 Should be Vacated due to there was no Crime Of violence Committed by Willis at any time to result in two 924(c) hard core harsh Mandatory minimum Sentence for Stacking. When there's no proof not even by the jury. The jury requested The Search Warrant of Willis residence, the U.S. Government Objected Saying it wasn't entered in as Exhibit evidence at trial. Had the jury been able to See Search Warrant it would have Shown → the Search was NOT for Drugs only for fraudulent Fema Claims The Government Made this Case because Willis wanted to go

to trial. Superceded all these drugs & gun charges. (Hearsay)

"Require Government Consent"
See U.S. Marin-Moreno 2016 WL 901666, @ 2 (E.D.N.Y) Mar. 9, 2016 (Holloway relief sentence disproportionately severe in the light of the offense charge compare to Holloway) Judge John Gleeson in U.S. v. Holloway 68 F. Supp. 3d 310 (E.D.N.Y.) 2014. Willis is pleading for Honorable Judge Myron Thompson to consider her the same relief in Holloway's case.

In Hammoud, 11th Circuit resolved several preliminary issues with respect to successive applications involving proposed Davis claims: 931 F.3d 1036-37. First we held that Davis, like Johnson, announced in Davis a new rule of constitutional law within meaning of §2255(h)(2), as the rule announced in Davis was both "substantive" — in that it "restricted" for the first time the class of persons § 924(c) could punish and, thus the government's ability to impose punishments on defendants under the statute — and was "new" — in that it extended Johnson and Dimaya to a new statutory context and that it's result was not necessarily "dictated by precedent." Id. at 1838. Willis is first time offender. See Exhibit pg #3

11th Circuit See Exhibit pg #4 Paragraph 2 - it states Nevertheless, Willis has made a prima facie showing that she is entitled to relief under Davis as to her § 924(c) charge in Count 28, but not to 30

16

See id § 2244(b)(3)(C), 2255(h)(2).

See Paragrah 3 it States the following - The predicate Crime of violence to Willis's § 924(c) Charge in Count 28 was threating a witness in a official proceeding. There is NO Precedent from the Supreme Court or this Court - 11th circuit Court of Appeal addressing whether threating a witness in official proceeding qualifies as a crime of violence § 924(c)(3)(A)'s element Clause. Consequently, Willis has made a prima facie Showing that her § 924(c) Conviction and Sentence in Count 28 may be Unconstitutional Under Davis. See id §§ 2244(b)(3)(C), 2255(h)(2); Jordan, 485 F.3d at 1357-58.

Petitioner is asking this Honorable Judge to take a Close view and Grant her releif from this Conviction and harsh Sentence. Have mercy on her for she never committed and act of violence against Valerie Howard which is Willis Children's Father Sister. Howard was mad with Willis because she thought Willis Snitch to the Fema Agents about her defrauding the Government Fema Fraud Hurricane Katrina, because Valerie Howard her sister NaTasha Howard and my Cousin Crystal Phillips and her mother and one Other person was arrested and Charged with Fraud of Hurricane Katrina, They was all mad thinking Willis told the Agents on them, because The Agent talked Willis talked to Willis first.

The real fraud is the charges Willis is under convicted and sentence on, because of lies her Co Conspirtors and Co Defendants told to set themselves free, they all was Sentenced to probation and Willis 43 years Willis was used as a scape Goat. Willis went to trial to try to prove her innocence, and was found guilty because of A false stipulation that was entered during her trial and the fact that her attorney was never affective toward Willis and Willis was Suffering from a Serious mental illness and receiving SSI Disiability for it and not to mention the Judge Mark E Fuller Presiding over her case allowing the Prosecutor to run Everything as if he was the Judge and Willis Attorney Valerie Smedley that is no longer Lawyer she has been disbarred for all the Reasons Willis pleaded to the Court Judge Coody to remove Smedley because she was ineffective no one listen. Smedley never Objected anything during trial or prepared Willis before trial. Willis never saw Smedley after she was found guilty. Willis had to plea to Federal Defender Christine Freedman for Counsel to file a direct Appeal. Now take a look at all the Corruption Willis was up Under by her trial Judge and Counsel and the fact she Suffered from mental illness Petitioner is deserving of mercy in the NEW light of this Case. See US v. Mason 52 F3d 1286 4th Circuit & U.S. v Long 562 F2d 325 5th Cir

When this Court "look" at the elements of Willis Case regarding her Charge Threating A Witness 18 U.S.C 1512(a)(2)(A), there was no use "attempted use" or threatened use of physical force against Howard's person or property. Also when "looking" at the residual Clause in this Case "by it's nature" there was NO substantial risk that cause physical force against Howard's persons or property, by Willis in the course of the accused offense.

The "element" and residual Clause shows this Court that Willis Conviction and Sentence for Count 28 is A Crime of violence and that her 924(c) Charge Under Davis, Walker, Dismaya, Johnson is unconstitutional and must be Vacated Immediately.

"Conclusion"

Based on Willis arguement response and her presented Exhibits Evidence She prays this Court take it all in Consideration and Grant her the relief that was granted to the Other petitioner's Davis 2019, Walker 2019 and Johnson 2015 Dimaya, the She is due immediately due to her Conviction and Sentence under her 924(c) Charge Count 28 is Unconstitionally Vague.

