IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNETTA LASHAY WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:19cv651-MHT-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

After obtaining authorization from the Eleventh Circuit Court of Appeals under 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A) to file a second or successive motion to vacate, set aside, or correct her sentence, Bernetta Lashay Willis filed this § 2255 motion (Doc. 1)[1] attacking her conviction for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(ii), one of numerous federal crimes for which Willis was convicted in her 2007 trial in the Middle District of Alabama. For the reasons that follow, the Court finds that Willis's § 2255 motion should be denied and that this case should be dismissed.

---

[1] References to document numbers assigned by the Clerk of Court in this civil action are designated as "Doc." and references to document numbers in the underlying criminal case (Case No. 2:06cr71) are designated as "Crim. Doc." Any pinpoint citations are to the page of the electronically filed document in the CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II. BACKGROUND

### A. Convictions, Sentence, and Appeal

In March 2007, a jury found Willis guilty of one count of conspiracy to commit FEMA fraud, in violation of 18 U.S.C. § 371 (Count 1); thirteen counts of theft of government property, in violation of 18 U.S.C. § 641 (Counts 2–6, 15–16, 18–21, 23–24); one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 25); two counts of filing false claims with FEMA, in violation of 18 U.S.C. §§ 287 and 2 (Counts 8–9); one count of threatening a witness in an official proceeding, in violation of 18 U.S.C. § 1512(a)(2)(A) (Count 27); one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(ii) (Count 28), one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 29); one count of possessing a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 30); and one count of making false statements to the United States Marshals, in violation of 18 U.S.C. § 1001(a)(2) (Count 31). The indictment alleged that the predicate crime of violence for the § 924(c) charge in Count 28 was the witness-threatening charge in Count 27. *See* Case No. 2:06cr71.

After a sentencing hearing on January 9, 2008, the district court sentenced Willis to 516 months' imprisonment, which consisted of concurrent 108-month sentences for Counts 1 through 6, 8, 9, 15, 16, 18 through 21, 23, 24, 27, 29, and 31; a consecutive 2-year sentence on Count 25; a consecutive 7-year sentence on the § 924(c) offense in Count 28;

and a consecutive 25-year sentence on the § 924(c) offense in Count 30.[2] Willis appealed to the Eleventh Circuit, and on March 3, 2009, the appellate court affirmed the district court's judgment. *United States v. Willis*, 560 F.3d 1246 (11th Cir. 2009).

**B.   Willis's Previous § 2255 Motions**

On September 15, 2009, Willis filed a § 2255 motion attacking her convictions and sentence. Civil Action No. 2:09cv930-MHT. In April 2012, this Court denied Willis's § 2255 motion and dismissed her action with prejudice. *Id.*

In November 2015, Willis filed what she styled as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which this Court summarily dismissed as a successive § 2255 motion filed without the required appellate court authorization. Civil Action No. 2:15cv891-MHT. Alternatively, this Court held that if Willis's motion was treated, as styled, as a Rule 60(b) motion, it was time-barred and without merit. *Id.*

In May 2016, Willis filed another § 2255 motion attacking her convictions and sentence. Civil Action No. 2:16cv603-MHT. In January 2018, this Court dismissed Willis's motion as a successive § 2255 motion filed without appellate court authorization. *Id*.

---

[2] In December 2012, Willis's sentence was reduced under 18 U.S.C. § 3582(c)(2) to 505 months in prison based on Amendment 750 to the U.S. Sentencing Guidelines. Crim. Doc. 356. In February 2021, Willis's sentence was reduced under § 3582(c) to 495 months in prison under Amendment 782 to the Guidelines. Crim. Doc. 428.

3

## C.    Willis's Present § 2255 Motion

On August 6, 2019, after obtaining authorization from the Eleventh Circuit to do so,[3] *see* 28 U.S.C. §§ 2255(h)(2) and 2244(b)(3)(A), Willis filed this § 2255 motion arguing that, under the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), her conviction on Count 28 for brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i)–(ii) is invalid because the predicate offense for that charge, threatening a witness in an official proceeding in violation of 18 U.S.C. § 1512(a)(2)(A), as charged in Count 27, is not a "crime of violence."

Before the Supreme Court's *Davis* decision, a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) and (B) was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former clause is referred to the "use-of-force" or "elements" clause, and the latter clause as the "residual clause." *Davis*, 139 S. Ct. at 2324.

In *Davis*, which was decided on June 24, 2019, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to 18 U.S.C. § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b), is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United*

---

[3] *See* Crim. Doc. 371.

*States*, 905 F.3d 1231 (11th Cir. 2018), which had held the exact opposite. *Davis*, 139 S. Ct. at 2324–25, 2336. The Eleventh Circuit has since held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019). Although *Davis* effectively voided § 924(c)(3)(B)'s residual clause, it left § 924(c)(3)(A)'s use-of-force clause intact.

In its order granting Willis leave to file the present § 2255 motion, the Eleventh Circuit stated:

> Willis has made a *prima facie* showing that she is entitled to relief under *Davis* as to her § 924(c) charge in Count 28[.] *See id*. §§ 2244(b)(3)(C), 2255(h)(2).
>
> The predicate crime of violence to Willis's § 924(c) charge in Count 28 was threatening a witness in an official proceeding. There is no precedent from the Supreme Court or this Court addressing whether threatening a witness in an official proceeding otherwise qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. Consequently, Willis has made a *prima facie* showing that her § 924(c) conviction and sentence in Count 28 may be unconstitutional under *Davis*. *See id*. §§ 2244(b)(3)(C), 2255(h)(2); *Jordan*, 485 F.3d [1351,] at 1357–58 [(11th Cir. 2007)].

Crim. Doc. 371 at 5.

**D.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains a claim that involves "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. 2244(b)(3)(C).

    The Eleventh Circuit's authorization to Willis to file this § 2255 motion is only a "threshold determination" that "does not conclusively resolve" the question whether Willis has actually satisfied the requirements of 28 U.S.C. § 2255(h)(2). *See In re Moore,* 830 F.3d 1268, 1270–71 (11th Cir. 2016). Rather, this Court must make an independent determination of whether Willis meets § 2255(h)'s requirements and "'decide every aspect of the case fresh, or in the legal vernacular, *de novo*.'" *In re Chance*, 831 F.3d 1335, 1338 (11th Cir. 2016) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)). This gatekeeping role recognizes that this Court is in the best position to make the § 2255(h) assessment. *Jordan*, 485 F.3d at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination" as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met).

## III. DISCUSSION

Willis argues that the offense of threatening a witness in an official proceeding in violation of 18 U.S.C. § 1512(a)(2)(A) is not a "crime of violence" and that her § 924(c) conviction under Count 28, which relied on the witness-threatening charge in Count 27 as the predicate crime of violence, is therefore invalid.[4] Doc. 1.

Title 18 U.S.C. § 1512(a)(2)(A) provides:

---

[4] Willis was indicted for a scheme in which she and her coconspirators submitted fraudulent applications for FEMA aid. As recounted by the Eleventh Circuit in its opinion affirming Willis's convictions and sentence on direct appeal, "[w]hen another member of the conspiracy, Valarie Howard, was indicted, Howard agreed to testify against [Willis]. Three days later, [Willis], who had learned that Howard might testify against her, waved a gun in Howard's face and threatened to kill Howard for testifying." *See United States v. Willis*, 560 F.3d 1246, 1248 (11th Cir. 2009). Willis's actions toward Howard were the bases of the charges against her in Counts 27 and 28 of the indictment. The indictment specifically alleged:

**COUNT 27 – THREATENING OF A WITNESS**

On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

BERNETTA LASHAY WILLIS,

did use physical force and the threat of physical force against Valarie Howard, and attempted to do so, with intent to influence, delay, and prevent Howard's testimony relating to alleged FEMA fraud in an official proceeding in violation of Title 18, United States Code, Section 1512(a)(2)(A).

**COUNT 28 – USE OF GUN DURING A CRIME OF VIOLENCE**

On or about January 23, 2006, in Montgomery County, within the Middle District of Alabama, and elsewhere, defendant

BERNETTA LASHAY WILLIS,

during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, that is, threatening a witness as charged in Count 27 of the Indictment, did use and carry and, in furtherance of said crime, possess a firearm, and did brandish a firearm, in violation of Title 18, United States Code, Sections 924(c)(l)(A)(i) and (ii).

Crim. Doc. 134 at 18–19.

>    (2)  Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to—
>
>        (A)  influence, delay, or prevent the testimony of any person in an official proceeding;
>
>        . . . .
>
>    shall be punished as provided in paragraph (3).
>
>    (3)  The punishment for an offense under this subsection is—
>
>        . . . .
>
>        (C)  in the case of the threat of use of physical force against any person, imprisonment for not more than 20 years.

18 U.S.C. § 1512(a)(2)(A).

The use-of-force clause in 18 U.S.C. § 924(c) defines the term "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

The Supreme Court has held that the term "physical force" requires more than offensive touching; it means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see Hylor v. United States*, 896 F.3d 1219, 1222 (11th Cir. 2018) (applying *Johnson*'s definition of "physical force" to 18 U.S.C. § 924(e)(2)(B)(i)'s definition of "violent felony" under ACCA). This violent force need not be particularly strong or likely to cause pain or injury. See *Stokeling v. United States*, 139 S. Ct. 544, 554 (2019) ("*Johnson* . . . does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality."). And "violent force" can be applied indirectly, such as

through poison. *See United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018). Nonetheless, "the term 'physical force' itself normally connotes force strong enough to constitute 'power'—and all the more so when it is contained in a definition of '[crime of violence].'" *Johnson*, 559 U.S. at 142; *see United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064 (10th Cir. 2018).

Applying these principles, the Court finds that threatening a witness in an official proceeding, as defined in 18 U.S.C. § 1512(a)(2)(A), is categorically a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause. Plainly, witness-threatening under § 1512(a)(2)(A) contains as one of its elements the actual, attempted, or threatened use of physical force against another person. To show that a defendant violated this statute, the government must show that the defendant (1) used or threatened physical force against a person (2) with an intent to influence, delay, or prevent a person's testimony in an official proceeding. *United States v. Gavin*, 583 F.3d 542, 548 (8th Cir. 2009); *see United States v. England*, 507 F.3d 581, 589 (7th Cir. 2007) ("[T]he statute prohibits expressing an intent to inflict injury on another through physical force.").

In finding that witness-threatening under § 1512(a)(2)(A) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause, this Court agrees with the holding of the District Court for the Eastern District of Michigan in *Fenderson v. United States*, No. 13-20316, 2018 WL 4619902 (E.D. Mich. Sept. 26, 2018), where that court held that "[a] conviction under section 1512(a)(2)(A) for witness tampering by the use or threatened use of physical force plainly qualifies as a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A) (the so-called 'use of force' clause)[.]" 2018 WL 4619902, at *2.

9

Because witness-threatening under § 1512(a)(2)(A) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause, Willis's § 924(c) conviction under Count 28, which relied on the witness-threatening charge in Count 27 as the predicate crime of violence, is valid.[5] Because Willis's § 924(c) conviction under Count 28 remains valid, she is entitled to no relief on her § 2255 motion.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Willis's § 2255 motion be DENIED and this case DISMISSED because Willis has not satisfied the requirements of 28 U.S.C. § 2255(h)(2). Although the Supreme Court's decision in *Davis* voiding 18 U.S.C. § 924(c)(3)(B)'s residual clause is a new rule of constitutional law that is retroactive and was previously unavailable to Willis, witness-threatening under 18 U.S.C. § 1512(a)(2)(A) is categorically a "crime of violence" under § 924(c)(3)(A)'s use-of-force clause; Willis's § 924(c) conviction under Count 28, which relied on the witness-threatening charge in Count 27 as the predicate crime of violence, is valid; and Willis does not show that her § 924(c) conviction under Count 28 is within the scope of the new rule of constitutional law announced in *Davis*.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 17, 2022**. A party must specifically identify the factual findings and legal

---

[5] Nothing in the Supreme Court's holding in *Davis* regarding the unconstitutionality of the residual clause in 18 U.S.C. § 924(c)(3)(B), *see* 139 S. Ct. at 2324–25, 2336, invalidates witness-threatening under § 1512(a)(2)(A) as a crime of violence under the use-of-force clause in § 924(c)(3)(A).

10

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

       DONE this 3rd day of March, 2022.

                                      /s/   Charles S. Coody  
                                      CHARLES S. COODY  
                                      UNITED STATES MAGISTRATE JUDGE